## UNITED STATES DISTRICT COURT
## NORTHERNDISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VANESSA PARKS ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| W2 LOGISTIC, INC. a State of Illinois ) | |
| Registered Corporation ) | |
| ) | |
| ) | |
| Defendant. ) | |

### FLSA COMPLAINT

COMES NOW Plaintiff Vanessa Parks (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant W2 LOGISTIC, INC. ("W2" or "Defendant"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of her lawful overtime wages during the approximate period between March 2018 and October 3, 2018.

2. Plaintiff was employed by Defendant, as a telephone dispatcher from Defendant's operation located at 3130 Ellenwood Industrial Dr, Ellenwood, GA 30294 (hereinafter "Defendant's Ellenwood Location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek possibly primarily as a result of Defendant illegally classifying Plaintiff as an independent contractor, and for not compensating her for her on-call time.

4. Plaintiff seeks unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in McDonough, Georgia (within the Federal Northern District of Georgia) and is a citizen of the United States. Plaintiff was employed by

Defendant at Defendant's Ellenwood Location, from on or about March, 2018 until on or about October 3, 2018 primarily performing telephone dispatch and on call work.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA despite the fact that Defendant treated her as if she were an independent contractor for pay and other purposes, and worked for Defendant within the territory of the United States.

9. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant.

10. Defendant is a foreign corporation formed under the laws of the State of Illinois. W2 Logistics offers warehousing and order fulfillment needs with two locations in Bensenville IL and Ellenwood GA and with access to partner secure warehouses strategically located across the United States.

11. A check of the Georgia Secretary of State website does not reveal that Defendant has registered as a corporation doing business in the state of Georgia.

12. Defendant conducts business within this State and District.

13. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Ellenwood Location, including the employment and pay and other practices of that operation.

14. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its Terminal Manager, Ms. Vicki

Knolls, at Defendant's Ellenwood location at 3130 Ellenwood Industrial Dr, Ellenwood, GA 30294.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action Plaintiff was engaged in commerce or in the production of goods for commerce.

17. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

19. Defendant hired Plaintiff to provide telephone dispatch and weekend on-call service.

20. Plaintiff reported directly to the Terminal Manager of Defendant's Ellenwood Location, a Ms. Vicki Knolls.

21. Defendant did not provie Plaintiff with a separate phone for use during her on-call times and so she used her personal phone.

22. At some point during her employment, Defendant provided Plaintiff with a lap top computer for use while she was on call.

11

23. Plaintiff was routinely required to access the following software programs to perform her duties: Omni Trac, McLeod, Truck Down and Fleet Advance.

24. Plaintiff was required to work a set schedule Monday thru Friday which schedule was set by Defendant and required Plaintiff to work in excess of forty (40) hours a week.

25. Initially Plaintiff worked a 6pm to 4am dispatch shift, Monday thru Friday, with no breaks for a meal, or 50 hours per week.

26. Additionally Plaintiff was initially told she would be working some on-call weekend duty.

27. However as soon as she actually began working for Defendant she was told that she would be on call for all weekends.

28. Initially Plaintiff was on-call every weekend from 4am Saturday morning when she got off from her regular Friday nite shift until Midnite Sunday or a total each week of 32 additional hours.

29. Her initial salary was $800 per week.

30. At some point her weekly salary was increased to $850 per week.

31. Defendant treated Plaintiff as an independent contractor and did not take out of Plaintiff's pay any withholdings.

32. Plaintiff never formed a legal entity such as a corporation or a limited liability company, or otherwise.

33. After approximately 2 months of employment Plaintiff's regular work hours per week were reduced by 6 hours to 44 scheduled regular work hours when her Friday schedule was changed to 4pm until 10pm.

34. Likewise her on call schedule was contemporaneously changed to start at 10pm Friday Nite when she finished her Friday evening shift until Midnite Sunday or a total of 38 on call hours per week.

35. While on call, Plaintiff was required to immediately respond to <u>all</u> calls as many were from the companies truckers who were having some sort of emergency that needed to be dealt with such as a breakdown.

36. Defendant, while on call, was required to have immediate access to a laptop if she were to perform her on call duties.

37. Defendant did not allow Plaintiff to ignore any telephone calls while on call.

38. At all times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

39. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

40. At all time relevant to this action, Defendant required Plaintiff to be on call 24 hours a day for certain weekend periods of time.

41. At all times relevant to this action, Defendant required Plaintiff to be on call 24 hours a day for certain weekend periods of time to provide assistance to

11

Defendant's truckers who were on the road somewhere in the country performing duties for Defendant.

42. Defendant paid Plaintiff on a salary basis.

43. Plaintiff was a nonexempt employee of Defendant and was not paid overtime wages for weeks in which she worked more than forty hours.

44. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

45. Defendant determined the nature of the work Plaintiff was to perform, and maintained complete control over the manner in which the work was to be performed.

46. The Plaintiff's opportunity for profit or loss was non-existent.

47. The Plaintiff's investment in equipment or materials if any was immaterial compared with Defendant's investment.

48. The services rendered by Plaintiff did not require a special skill.

49. There was a high degree of permanency and duration of the working relationship between the Defendant and Plaintiff.

50. Plaintiff was economically dependent upon her job with Defendant.

51. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

52. Defendant is liable to Plaintiff for compensation for any and all time

worked in excess of forty (40) hours per week at the federally required rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

53. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

55. Plaintiff has retained the undersigned counsel to represent herin this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

56. Plaintiff demands a jury trial.

## COUNT I

57. Plaintiff repeats and incorporates by reference paragraphs 1-56 herein.

58. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

59. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive wage compensation in accordance with §§ 203 and

206 of the FLSA.

60.   Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

61.   As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wage compensation in accordance with the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.   That Plaintiff be awarded damages in the amount of her unpaid legally required compensation plus an equal amount(s) of liquidated damages; (see Exhibit A hereto)

B.   That Plaintiff be awarded reasonable attorneys' fees;

C.   That Plaintiff be awarded the costs and expenses of this action; and

D.   That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 17th day of October, 2018.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com

            Georgia Bar No. 482595
            Kimberly N. Martin
            kimberlymartinlaw@.gmail.com
            Georgia Bar No. 473410

            MARTIN & MARTIN, LLP
            Post Office Box 1070
            Tucker, Georgia 30085-1070
            (770) 344-7267

11